UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JHARON HOLLAND,

    Plaintiff,

v.   CAUSE NO. 3:20-CV-900-DRL-MGG

INDIANA STATE OF *et al.*,

    Defendants.

OPINION AND ORDER

Jharon Holland, a prisoner without a lawyer, filed suit alleging prison staff were deliberately indifferent to his reaction to food poisoning. A filing by an unrepresented party "is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Holland alleges that on October 19, 2020, he purchased snack cakes from the commissary that had passed their expiration date. After he began eating them, he started feeling sick. He asked one correctional officer for a medical request form but did not receive one. He pushed the medical emergency button in his cell several times, but no help came. He was able to submit a medical request form later that day. But as of the

filing of the complaint, two days later, he had not been seen by medical. He complains of continued vomiting and diarrhea.

Under the Eighth Amendment, inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quotation marks and brackets omitted).

The complaint does not plausibly allege Mr. Holland had a serious medical need. "[Not] every ache or pain or medically recognized condition involving some discomfort can support an Eighth Amendment claim." *Gutierrez v. Peters*, 111 F.3d 1364, 1372 (7th Cir. 1997). Not treating "the sniffles or minor aches and pains or a tiny scratch or a mild headache or minor fatigue—the sorts of ailments for which many people who are not in prison do not seek medical attention" does not violate the Constitution. *Cooper v. Casey*, 97 F.3d 914, 916 (7th Cir. 1996). Vomiting and diarrhea from food poisoning, while uncomfortable and unpleasant, does not usually send a person to the hospital, and often

passes in short order. The allegations do not suggest Mr. Holland suffered any long-term effects from his bout with food poisoning. *See Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010) ("A medical condition need not be life-threatening to be serious; rather, it could be a condition that would result in further significant injury or unnecessary and wanton infliction of pain if not treated."). The facts here do not support an Eighth Amendment violation.

Ordinarily, the court should afford a *pro se* litigant an opportunity to replead before dismissing the case at screening. *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018); *Luevano v. Wal-Mart*, 722 F.3d 1014, 1024-25 (7th Cir. 2013). It is not clear, however, whether Mr. Holland could amend the complaint to state a federal claim. *See Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile."). But regardless, Mr. Holland may not amend his complaint because his complaint shows he has not exhausted his administrative remedies.

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Even when a prisoner "seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit." *Porter v. Nussle*, 534 U.S. at 524 (citing *Booth v. Churner*, 532 U.S. at 741). A prisoner must file a grievance because responding to his grievance might satisfy him and avoid litigation or the grievance could "alert prison authorities to an ongoing problem that they can correct." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) (citing *Porter v. Nussle*, 534 U.S.

at 525). Here, Mr. Holland acknowledges that his claims were grievable. He explains that he filed a grievance, but he is waiting for a response. ECF 1 at 4.

"Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). Nevertheless, "a plaintiff can plead himself out of court. If he alleges facts that show he isn't entitled to a judgment, he's out of luck." *Early v. Bankers Life and Cas. Co.*, 959 F.2d 75, 79 (7th Cir. 1992) (citations omitted). Such is the case here. "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). Mr. Holland admits that he did not exhaust his administrative remedies prior to filing suit. He filed this action two days after the alleged event, and before he either received a response or filed an appeal. Therefore, this case cannot proceed at this time.

For these reasons, this case is DISMISSED WITHOUT PREJUDICE.

SO ORDERED.

April 23, 2021               *s/ Damon R. Leichty*
                             Judge, United States District Court